IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN RE AMC ENTERTAINMENT HOLDINGS, INC. STOCKHOLDER LITIGATION | § § § § § § § § | No. 258, 2023 <br><br> Court Below—Court of Chancery of the State of Delaware <br><br> Consol. C.A. No. 2023-0215 |

Submitted: July 28, 2023
Decided: August 3, 2023

Before **SEITZ**, Chief Justice; **TRAYNOR** and **LEGROW**, Justices.

## <u>ORDER</u>

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On July 20, 2023, the appellant, David D. Madriz, Jr., filed this interlocutory appeal from a stockholder class action pending in the Court of Chancery. A proposed settlement has been submitted to the Court of Chancery for approval.

(2) In his appeal papers, Madriz identified June 27, 2023 as the date of the interlocutory ruling he was appealing. A review of the Court of Chancery docket did not reveal any court rulings or orders on June 27, 2023. The Senior Court Clerk issued a notice directing Madriz to show cause why this appeal should not be dismissed for his failure to identify a court order subject to appellate review.

(3)     In his response to the notice to show cause, Madriz identifies a June 27, 2023 telephone call he had with a Court of Chancery employee regarding a document he had previously sent to the Court of Chancery as the "De facto Interlocutory Order" on appeal.[1]  It appears that Madriz sent a letter, dated April 27, 2023, to the Court of Chancery ("April 27, 2023 Letter").  The letter appears on the docket for May 4, 2023 under Filing ID Number 69956552.   In the April 27, 2023 Letter, Madriz expressed his concerns regarding an "AMC Tokenization Scam," the need for discovery on this issue, and the plaintiff's counsel.  According to Madriz, he had telephone calls with Court of Chancery employees on June 26th and June 27th regarding the lack of action on his April 27, 2023 Letter.

(4)     Madriz's telephone calls with Court of Chancery employees who are not judicial officers do not constitute appealable interlocutory orders.  Even if a telephone call with court staff could constitute an appealable interlocutory order as Madriz contends, the handling of the April 27, 2023 Letter does not meet the strict standards for this Court's acceptance of an interlocutory appeal under Supreme Court Rule 42.  This appeal must be dismissed.

---

[1] Good Cause Statement at 2.

2

NOW, THEREFORE, IT IS ORDERED, that this appeal is DISMISSED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice